within twenty miles of the place of caption:   Which were objected to for that reason; and by the court, adjudged not admissible; an opportunity to cross-examine a witness is very important to a party, and he may not be deprived of it, but by absolute necessity, or some positive law.

The statute is, that for certain reasons which are enumerated in the preamble, depositions may be taken out of court, " So as a notification, with reasonable time, be first made out and delivered to the adverse party (if within twenty miles of the place) or left at the place of his dwelling, etc. to be present at the time of taking such affidavit, if he thinks fit."   Now it is clearly within the reason and equity of the statute, that where the party lives more than twenty miles from the place of caption and has a known agent or attorney living within twenty miles, that such agent or attorney should be notified; and this has long been the established construction, with respect to depositions taken out of this state.   Kirby's Reports, 1, Whiting, etc. v. Jewel, etc.

### STANIFORD v. HENRY DEWIT, JOHN DEWIT ET AL.

Chancery will not sustain a suit where there is adequate remedy at law.

PETITION in chancery; stating, that in A. D. 1781, the petitioner and said Henry, John and Bela Elderkin, entered into partnership in trade, the said Henry to be responsible for said John; that they traded largely and much property was acquired thereby; that said Henry had got a greater share of said company's interest into his hands, than belonged to him; and that said company was indebted to him the petitioner a large sum, and that their accounts had never been settled; and praying, that said Henry be obliged to account for the property he has in his hands; that said accounts be liquidated and settled; and that the court would order and decree, what shall be found to be right and just among all the copartners.

Plea in abatement — That the petitioner had an adequate remedy at law, by an action of account.

Judgment — Plea sufficient. Nothing appears from the stating in the petition, but what the petitioner's remedy at law is completely adequate.

### SMITH V. SIMONS.

A writing which for a valuable consideration, grants liberty to flow a man's lands for a number of years, is a lease within the meaning of the law, and must be recorded.

ACTION for erecting a mill-dam on the west line of the plaintiff's land, across a stream of water, and flowing his meadow.

Plea — Not guilty. Issue to the court. The plaintiff proved his declaration.

The defendant then offered in evidence a writing under the hand and seal of      Flint, the original proprietor of said land, executed in A. D. 1755; whereby, for the consideration of £5, he granted to those under whom the defendant claims, liberty of flowing said land twelve years without restriction, and for eighty years in the winter half of the year; viz. from the 15th of November to the 15th of May annually. This writing was not recorded.

The question put to the court — Whether this writing is a lease which the law requires should be recorded, or only a license?

By the COURT. It is a lease, and without being recorded is void as to purchasers. Judgment — That the defendant is guilty.

### HOLTON v. RUGGLES.

A party hath no right to appeal from a judgment which is in his favor.

ACTION of ejectment; to which a special plea was given. The plaintiff demurred to a part, and traversed a part; the defendant joined the demurrer, and an issue upon the traverse was closed to the jury: The demurrer was heard, and judgment for the plaintiff; the issue was not tried nor any judgment upon it for damages, etc. The plaintiff appealed the cause; and now the defendant plead in abatement of the